UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

JEFFREY BLANE HOUGHTALING,

       Plaintiff,      **DECLARATION**

   -vs-           **20-CV-6168**

DOWNES, et al.,

       Defendant.

———————————————————————

   **HEATHER L. MCKAY**, pursuant to 28 U.S.C. §1746, declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am an Assistant Attorney General, of counsel to Letitia James, Attorney General of the State of New York and, in that capacity, I represent the defendants, Downes and Pestillo ("Defendants"), in the above-captioned proceeding.

2. I make this declaration in support of Defendants' motion to dismiss (the "Motion").

3. On May 16, 2023, this Court ordered "Plaintiff to (1) provide mandatory disclosures, (2) respond to [Defendants'] Demands, (3) provide executed HIPAA authorizations, and (4) provide a copy of the video footage manually filed on the Clerk's docket at ECF No. 63 to Defendants within 30 days."  Docket No. 92 p. 19.

4. The Court warned Plaintiff:

   **[T]he failure to comply with the forgoing will result in sanctions, which could include dismissal of this action, and directing Plaintiff to pay defense counsel's reasonable attorney's fees and costs associated with any subsequent motions made by Defendants pursuant to Rules 16, 37 and/or 41.  The Court further warns Plaintiff that any failure to abide by this Court's order or the Federal Rules in the future could result in any other sanction provided under the Federal Rules.**

Docket No. 92 p. 19 (bold in original).

5.  Plaintiff's thirty-day deadline to respond elapsed on June 15, 2023.

6.  To date, Plaintiff has not provided any responses whatsoever.

7.  Accordingly, Plaintiff has disobeyed this Court's order.

8.  Regarding attorney's fees, I am an experienced litigator, having practiced for approximately twelve years, eight of which I have spent litigating civil rights cases at the New York State Office of the Attorney General ("OAG").  During my tenure at the OAG, I have received three Louis J. Lefkowitz Awards for superior service.

9.  I spent 6.5 hours preparing the instant motion.  Attached as **Exhibit A** to this Declaration is an itemized schedule of my hours worked.

10. At a reasonable rate of $300 per hour, my attorney's fees for this motion amount to $1,950.00.

11. True and correct copies of the Report & Recommendation recommending dismissal of Plaintiff's prior lawsuit, and the Decision and Order adopting that recommendation, are attached hereto as **Exhibits B and C**, respectively.  *See Houghtaling v. Eaton*, No. 14-CV-6416, 2021 WL 6845540 (W.D.N.Y. Sept. 13, 2021), report & recommendation adopted by 2022 WL 167538 (W.D.N.Y. Jan. 18, 2022) (Wolford, J.).

12. A true and correct copy of the Second Circuit's Summary Order affirming this Court's decision dismissing the prior lawsuit is attached hereto as **Exhibit D**.  See Houghtaling v. Eaton, No. 22-638, 2023 WL 113840 (2d Cir. Jan. 5, 2023).


Dated:  July 11, 2023
      Rochester, New York


                *s/Heather L. McKay*
                HEATHER L. MCKAY

## CERTIFICATE OF SERVICE

I certify that on July 11, 2023, I electronically filed the foregoing Declaration on behalf of Defendants with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1.      n/a

And, I hereby certify that I have mailed, by the United States Postal Service, a copy of the document to the following non-CM/ECF participant(s):

1.      Jeffrey Houghtaling
        284 Valley Road
        Rochester, NY 14618

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants

 *s/Heather L. McKay*
HEATHER L. MCKAY
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone:  (585) 546-7430
heather.mckay@ag.ny.gov

# EXHIBIT A

H. McKay's Itemized Fees – Houghtaling v. Downes et al. 20-CV-6168

6/28/23 – 0.7 hours – research fees, review Docket Nos. 89 & 92

7/10/23 – 5.6 hours – draft papers, research sanctions under relevant Federal Rules

7/11/23 – 0.2 hours – file papers, discuss copies for service with support staff


Total: 6.5 hours

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY BLANE HOUGHTALING,

                         Plaintiff,

      v.

DEBORAH EATON,

                    Defendant.

REPORT AND RECOMMENDATION

14-CV-6416-EAW-MJP

## APPEARANCES

For Plaintiff:

> Jeffrey Blane Houghtaling
> 284 Valley Road
> Rochester, New York 14618

For Defendant:

> Heather Lynn McKay
> N.Y.S. Attorney General's Office
> Department of Law
> 144 Exchange Boulevard
> Rochester, NY 14614

## INTRODUCTION

**Pedersen, M.J.** *Pro se* Plaintiff Jeffrey Blane Houghtaling ("Plaintiff") commenced this action on June 8, 2016, against defendant Deborah Eaton ("Defendant"), alleging violations under 42 U.S.C § 1983 for incidents that occurred while Plaintiff was incarcerated at Gowanda Correctional Facility.[1] (ECF No. 11.) Presently before the Court is Defendant's motion for an order pursuant to Rules 37(a), (b) and (d) and 41(b) and (c) of the Federal Rules of Civil Procedure ("FRCP"),

---

[1] Plaintiff commenced this action against other individuals, but the case has been dismissed as to all of them.

dismissing this action for Plaintiff's failure to comply with discovery, or, in the alternative, precluding Plaintiff from introducing evidence relating to and/or derived from Plaintiff's witness Rita Reisinger-Novisky, including calling her as a witness, and ordering Plaintiff to pay attorney's fees incurred by Defendant in making the present motion. (Def.'s Not. of Mot., ECF No. 219.) Defendant also seeks a stay of all remaining discovery deadlines pending resolution of this motion. (*Id.*)

After reviewing the motion papers, the undersigned recommends that the District Court dismiss this action pursuant to Fed. R. Civ. P. 37(b)(2) and Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute and failure to comply with two court orders regarding discovery. The undersigned further recommends that the District Court grant Defendant's motion for attorney's fees. Finally, the undersigned recommends granting Defendant's request to stay discovery until the Honorable Elizabeth A. Wolford renders a decision with respect to this Report and Recommendation.

## STANDARD OF LAW

On September 13, 2021, the Honorable Elizabeth A. Wolford referred Defendant's motion to dismiss pursuant to FRCP 37 and 41 for resolution of both non-dispositive and dispositive issues, including to issue a Report and Recommendation on Defendant's motion to dismiss, if necessary. (ECF No. 225.)

## DISCUSSION

### *Findings of Fact Regarding Defendant's Motion to Dismiss Under FRCP 37(b) for Failure to Comply with this Court's Discovery Orders.*

On September 9, 2021, Defendant propounded Interrogatories and Document Demands ("the Demands") on Plaintiff. (ECF No. 129.) Plaintiff did not respond to the Demands. (McKay Decl. at 1, dated Jul. 27, 2021, ECF No. 219–1.) Plaintiff did,

however, file a motion for sanctions in which he indicated that Defendant sent the Demands to him and in which Plaintiff labeled the Demands "untimely, off the record, inflammatory, and abusive." (Pl.'s Mot. for Sanctions at 2, 3[2], ECF No. 134.)[3]

Plaintiff thereafter filed five motions for sanctions, all alleging misconduct by defense counsel and Defendant. (ECF Nos. 126, 127, 131, 132, & 134.) Defendant filed an opposition to the five motions and also moved for an order granting Defendant sanctions, including attorney's fees, and directing Plaintiff to comply with any remaining discovery. (Def.'s Not. of Mot. at 1, ECF No. 147.) After oral argument on the motions, the undersigned issued a decision and order which, in relevant part, "direct[ed] Plaintiff to fully respond to Defendant's First Set of Interrogatories and Document Demands within thirty (30) days of the entry of this Decision and order." (D&O at 2, 18, 19, dated Feb. 1, 2021, ECF No. 177.) The undersigned filed the decision and order on February 1, 2021, making Plaintiff's responses due on March 3, 2021. In the decision and order, the undersigned further directed Plaintiff "not to delay or otherwise impede, and to participate in, the deposition of Ms. Reisinger-Novisky," Plaintiff's witness. (*Id.* at 2, 18, 19.) Plaintiff once again did not respond to the Demands.

On March 18, 2021, Defendant moved pursuant to FRCP 37 and 41 for an order dismissing the present action due to Plaintiff's failure to comply with the

---

[2] The page number referenced is to that assigned by CM/ECF when the document was electronically filed.

[3] During oral argument on the motions for sanctions before the undersigned, Plaintiff again made reference to the "first set of interrogatories," calling them "very intimidating, [and] harassing." (Trans. of Sept. 22, 2021 proceedings at 22, ECF No. 148.)

undersigned's February 1, 2021, discovery order, or, in the alternative, prohibiting

Plaintiff from introducing evidence relating to and/or derived from Plaintiff's witness,

Rita Reisinger-Novisky, and ordering Plaintiff to pay attorney's fees and costs, or, in

the alternative, compelling Plaintiff to respond to the Demands under threat of

possible sanctions. (Def.'s Not. of Mot. at 1, ECF No. 193.)

In a decision and order, dated June 21, 2021, the undersigned found that

"Plaintiff willfully violated this Court's order directing Plaintiff to respond to the

Demands." (D&O at 7, ECF No. 203.) However, the undersigned declined to impose

sanctions because Plaintiff had not previously been warned that his failure to comply

with a court order could result in sanctions. (*Id.* at 8.) The undersigned directed

Plaintiff to respond to the Demands by July 19, 2021. (*Id.* at 8, 10.) The decision and

order contained an explicit warning as follows:

> **The Court hereby warns Plaintiff that the failure to respond to the Demands by that date will result in sanctions, which could include precluding Plaintiff from introducing evidence related to and/or derived from Rita Reisinger-Novisky, dismissal of this action, and directing Plaintiff to pay defense counsel's reasonable attorney's fees and costs associated with any subsequent motions made by Defendant pursuant to Rule 37. The Court further warns Plaintiff that any failure to abide by this Court's orders or the Federal Rules in the future could result in any other sanction under the Federal Rules.**

(*Id.* at 8, emphasis in original.)

To date, Plaintiff has not provided any response to the Demands. (McKay Decl.

at 3, dated Jul. 27, 2021, ECF No. 219–1). Instead, Plaintiff asserted in a document

titled "Reply to docket 203" that "Mark W. Pedersen's duties <u>do not</u> include dispositive

motions rendering Docket 203 moot . . ." and that "Mark W. Pedersen has no

jurisdiction over my case or my future." (Pl.'s Reply to docket 203 at 2, 3, ECF No. 204.)

***Legal Conclusions Regarding Defendant's Motion to Dismiss Under FRCP 37(b) for Failure to Comply with this Court's Discovery Orders.***

It is established that "all litigants, including pro ses, have an obligation to comply with court orders," *Minotti v. Lensink,* 895 F.2d 100, 103 (2d Cir. 1990), and failure to comply may result in sanctions, including dismissal with prejudice. FRCP 37 provides that "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders ... [including] dismissing the action or proceeding in whole or in part" or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii) & (v). "*Pro se* litigants, though generally entitled to 'special solicitude' before district courts, *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks omitted), are not immune to dismissal as a sanction for noncompliance with discovery orders." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Dismissal of a *pro se* litigant's action may be appropriate "so long as a warning has been given that non-compliance can result in dismissal." *Id.* (quoting *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994)).

"[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations ..., and then only when a court finds willfulness, bad faith, or any fault on the part of the [party]." *Bobal v. Rensselaer Polytechnic Institute,* 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied* 499 U.S. 943 (Mar. 25, 1991) (internal quotations omitted).

As the Supreme Court has advised, however, "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine*, 29 F.3d at 49–50 (2d Cir. 1994) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam)). Finally, "[t]he imposition of sanctions under Rule 37 lies within the discretion of the district court . . . ." *Id.* at 49.

The Second Circuit has provided several factors to aide a court in deciding whether an exercise of discretion to dismiss the action is appropriate, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance." *Agiwal*, 555 F.3d at 302.

With respect to the first factor, Plaintiff has now willfully failed to comply with two court orders directing him to respond to the Demands. In fact, Plaintiff even stated that the undersigned lacked jurisdiction to decide Defendant's motion to dismiss and that the undersigned's decision and order, dated June 21, 2021, in which the undersigned issued a warning to Plaintiff that he would be sanctioned if he did not comply with the order, was "moot."[4] Plaintiff's response to the decision and order

---

[4] As Plaintiff is aware, the undersigned did not dismiss Plaintiff's case in the June 21, 2021, decision and order, but rather ruled upon discovery issues, which are firmly within a magistrate judge's jurisdiction.

also demonstrates that he was aware of the discovery order and its directive, but purposefully decided to ignore it. Based upon the forgoing, the first factor weighs in favor of dismissal.

The second factor, the efficacy of lesser sanctions, also weighs in favor of dismissal. Plaintiff has repeatedly demonstrated that he has no regard for this Court's orders or directives. He unilaterally declared the undersigned's June 21, 2021, decision and order "moot." Lesser sanctions are not feasible given Plaintiff's blithely ignoring the undersigned's prior orders, such that the imposition of any sanction less than dismissal will not likely accomplish anything further, nor assure Plaintiff's future adherence to the Federal Rules or future orders of this Court.

The fourth factor also weighs in favor of dismissal. Defendant served the Demands on Plaintiff on September 9, 2020, meaning Plaintiff has willfully chosen not to respond to the Demands for almost an entire year. The Court first ordered Plaintiff to respond to the Demands on February 1, 2021, approximately seven months ago. The duration of Plaintiff's noncompliance is significant and supports dismissal. *Agiwal*, 555 F.3d at 303 (finding that a period of noncompliance with discovery orders over a period of six months weighed in favor of dismissal).

Finally, the fourth factor also weighs in favor of dismissal. The June 21, 2021, decision and order included a very specific warning to Plaintiff, in bold letters, that he would be sanctioned if he did not respond to the Demands by a date certain and that such sanctions could include dismissal of this action. Rather than respond to the Demands, Plaintiff willfully ignored the directive and instead attacked the undersigned's jurisdiction to issue the decision and order. While the undersigned is

cognizant that dismissal with prejudice is a harsh remedy, Plaintiff has repeatedly demonstrated his unwillingness to comply with the judicial process and has frustrated any meaningful litigation of this action.

Based upon the forgoing, the Court recommends to the District Court that Plaintiff's case be dismissed with prejudice pursuant to FRCP 37(b). In the alternative, should the District Court find that dismissal is too harsh a remedy, the undersigned recommends that Plaintiff be precluded from introducing evidence relating to and/or derived from Plaintiff's witness Rita Reisinger-Novisky, including calling her as a witness pursuant to FRCP 37(b)(2)(ii).

### Findings of Fact Regarding Defendant's Motion to Dismiss Under FRCP 41(b).

The undersigned incorporates the findings of fact included in the above section of this report and recommendation and includes further facts relevant to the analysis of whether dismissal pursuant to FRCP 41(b) is appropriate.

As addressed above, Plaintiff has failed to comply with two Court orders directing him to file responses to the Demands. (D&O, dated Feb. 1, 2021, ECF No. 177; D&O, dated June 21, 2021, ECF No. 203.) Defendant served the Demands on Plaintiff on September 9, 2020, and Plaintiff has now failed to respond to them for almost an entire year. Further, seven months has elapsed since the Court first ordered Plaintiff to respond to the Demands on February 1, 2021. (D&O, ECF No. 177.)

In addition, Plaintiff has flooded the docket throughout the duration of this case with meritless and repetitive filings that do not address the substance of

8

Plaintiff's claims. For example, Plaintiff filed five motions for sanctions requesting that the Court impose sanctions on opposing counsel for alleged misconduct, and against Defendant for alleged obstruction of justice and tampering with evidence. (ECF Nos. 126, 127, 131, 132, and 134.) In addition, Plaintiff made twelve additional filings that were at least tangentially related to the motions for sanctions and which the undersigned was required to take into consideration when rendering a decision on the motions for sanctions. (EFC Nos. 139, 149, 150, 155, 156, 160, 161, 162, 163, 165, 172, and 173.) The undersigned ultimately determined that all five of Plaintiff's motions were frivolous and specifically stated in the decision and order that **"Plaintiff is hereby further warned that any future violation of Rule 11 may result in dismissal of the action or other appropriate sanctions."** (D&O at 17, ECF No. 177, emphasis in original.) Prior to the Court's ruling on the motions for sanctions, Plaintiff vacillated between indicating that he was going to withdraw the motions and saying that he wanted to pursue a resolution of the motions. For example, during oral argument on the motions for sanctions Plaintiff stated as follows:

> THE COURT: So I'm going suspend the discovery
> deadlines as of today and when I issue a decision on the
> sanctions motions, I'll readdress the discovery deadlines.
> Mr. Houghtaling, thank you very much for coming in.
> Ms. McKay, thank you for joining by phone.
> MR. HOUGHTALING: Your Honor.
> THE COURT: Yes.
> MR. HOUGHTALING: I would withdraw my motions for
> sanctions.
> THE COURT: You don't need to.
> MR. HOUGHTALING: Okay. I would withdraw them
> because I can — I believe they may be unwarranted.
> THE COURT: Wait a minute. You've spent the past

hour basically explaining to me how they are warranted. How
is it that you're now deciding to change your mind?
MR. HOUGHTALING: Well, I've already heard your
perception that they are — they are not meritul [sic] for
sanctions. That's your, that's your —
THE COURT: That's what I addressed on the one that
you filed today —
MR. HOUGHTALING: Okay.
THE COURT: — with regard to Rule 11. I have not
addressed in detail all five.

(Trans. of Sept. 22, 2020 oral arg. at 38–39, ECF No. 148.) Plaintiff also sent

correspondence to Defendant, dated October 8, 2020, in which he indicated that he

was "considering withdrawing the sanctions as they really do nothing for me in terms

of finalizing this case." (McKay Decl. at Ex. C, ECF No. 147–1; Corresp. from Pl. to

defense counsel, dated Oct. 8, 2020, ECF No. 149.) In other words, even after

repeatedly filing motions for sanctions, Plaintiff admitted that they might be

meritless and that he might withdraw them after the Court spent time and resources

reviewing all of the motions and hearing oral argument on them.

Further, Defendant noticed Plaintiff's social worker, Rita Reisinger-Novisky,

for a deposition to occur on September 3, 2020. However, Ms. Reisinger-Novisky

terminated the deposition after only one hour because Plaintiff incorrectly informed

Ms. Reisinger-Novisky that her deposition would only last one hour and based on that

misinformation, Ms. Reisinger-Novisky scheduled clients for 10:00 a.m. that same

day. (Trans. of depo. of Rita Reisinger-Novisky at 32:15–19, 43:18–20, 44:6–8; 45:11–

20, 63:3–8, dated Sept. 3, 2020 ("Reisinger-Novisky Dep."), ECF No. 130-1; McKay

Decl. at 1, dated Sept. 8, 2020, ¶¶ 3, 4, 6, ECF No. 128.) In fact, Plaintiff admitted

that "I've taken this day – I've taken the day. Rita didn't have the day. She was under

a misconception and maybe that was from me, okay." (Reisinger-Novisky Dep. at 63:3–6.) Plaintiff further hampered the deposition by stating the following to Ms. Reisinger-Novisky:

> MR. HOUGHTALING: Listen you're doing awesome. Ms. McKay's intent is to drag this on as long as possible. She has a complete set of therapy notes and she wants to challenge any of your notes. She may do that at trial, okay?
> MS. MCKAY: Mr. Houghtaling?
> MR. HOUGHTALING: What I recommend — what I recommend from you, Rita, is if we can push forward with no dilatory tactics involved here and no frivolous questions. We can finish this and move on.

(*Id.* at 49:17–50:2.) Defense counsel attempted to reschedule Ms. Reisinger-Novisky's deposition to no avail. Because Defendant could not obtain the necessary deposition testimony from Plaintiff's sole witness, Defendant served the Demands. (McKay Decl., dated Oct. 14, 2020, at 8, 9, ECF No. 146.)

Additionally, throughout this case, Plaintiff has flooded the docket with filings not relevant to the merits of his case but rather attacking opposing counsel, the undersigned, and his law clerk, and which have only served to significantly delay resolution of this matter and abuse the judicial process. (For examples of Plaintiff's numerous filings attacking opposing counsel, *see* Pl.'s motions for sanctions, ECF Nos. 126, 127, 131, 132, & 134; Corresp. from Pl. to Judge Wolford, dated Oct. 30, 2020, ECF No. 150; Pl.'s Not. of Mot. in Support of Summary Judgement and Mots. for Sanctions, filed Nov. 6, 2020, ECF No. 153; Pl.'s Not. of Mot. for a Truth Seeking Hearing, filed Nov. 18, 2020, ECF No. 159; Email communications between Pl. and arii@courtsteno.com, dated Decl. 11, 2020, ECF No. 163; Corresp. between Pl. and Judge Wolford, dated Dec. 21, 2020, ECF No. 165; Pl.'s Not. of Mot., filed Dec. 29,

2020, ECF No. 168 (subsequently rendered moot by Judge Wolford, ECF No. 169);

Pl.'s Decl. Reply to ECF 170, filed Jan. 4, 2021, ECF No. 172; Pl.'s Decl., filed Jan. 4,

2021, ECF No. 173; Pl.'s corresp. to M. Loewenguth, dated Feb. 4, 2021, ECF No. 179;

Pl.'s corresp. to M. Loewenguth, dated Mar. 3, 2021, ECF No. 184; and Pl.'s corresp.

to M. Loewenguth, dated Mar. 10, 2021, ECF No. 190. For examples of Plaintiff's

numerous filings attacking opposing counsel and the undersigned, *see* Pl.'s Decl., filed

Jan. 22, 2021, ECF No. 176; Pl.'s corresp. to M. Loewenguth, dated Mar. 2, 2021, ECF

No. 185; Pl.'s corresp. to Judge Wolford, dated June 27, 2021, ECF No. 209; and Pl.'s

corresp. to M. Loewenguth, dated Jul. 30, 2021, ECF No. 222. For examples of

Plaintiff's numerous filings attacking the undersigned, *see* Pl.'s corresp. to Judge

Wolford, dated Mar. 8, 2021, ECF No. 187; Decl. in Support of Dkt. 187, filed Mar.

15, 2021, ECF No. 191; Pl.'s corresp. to Judge Wolford, dated Mar. 13, 2021, ECF No.

192; Pl.'s corresp. to Judge Wolford, dated Mar. 30, 2021, ECF No. 200; Pl.'s corresp.

to Judge Wolford ("Rely to docket 203"), filed June 22, 2021; Pl.'s corresp. to M.

Loewenguth, dated June 24, 2021, ECF No. 205; Pl.'s corresp. to Judge Wolford, dated

June 25, 2021, ECF No. 206; and Pl.'s corresp. to Judge Wolford, dated June 30, 2021,

ECF No. 212. For Plaintiff's filing attacking the undersigned's law clerk, *see* Pl.'s

corresp. to Judge Wolford, dated Sept. 30, 2020, ECF No. 141.)

Plaintiff has also spent hours of this Court's time addressing his meritless

claims of misconduct and attacks on Court personnel. (see, *e.g.*, Trans. of Oct. 7, 2020

proceedings, ECF No. 181; Trans. of Jan. 20, 2021 proceedings, ECF No. 182 (Judge

Pedersen indicated "Mr. Houghtaling, we put this on at your request in which you

entitled a 'motion hearing.' I'm not sure exactly what you wanted to do, but the floor is yours.").

### Legal Conclusions Regarding Defendant's Motion to Dismiss Under FRCP 41(b).

"The district court also has the power under Fed.R.Civ.P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute" *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). The Second Circuit has stated that a failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). "While a harsh remedy, the rule is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Lopez v. Comm'r of Soc. Sec.*, 110 F. Supp. 3d 489, 491 (W.D.N.Y. 2015) (Wolford, J.) (internal quotations and citations omitted).

In evaluating a motion to dismiss for failure to prosecute under Rule 41(b), a court must weigh five factors:

> (1) The duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). No single factor is dispositive, and a district court must weigh the record as a whole when

considering dismissal under Rule 41(b). *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d. Cir. 2004).

The Second Circuit has provided that the inquiry under the first factor is two-fold: (1) whether the failures to prosecute were plaintiff's fault; and (2) whether the failures were of significant duration. *Martens v. Thomann,* 273 F.3d 159, 180 (2d Cir. 2001). Plaintiff was wholly aware that he was obligated to respond to the Demands and made the choice, even after two court orders, to not respond. In other words, Plaintiff's noncompliance is entirely his own fault. With respect to duration, a period of over seven months has elapsed since the time Defendant was first ordered by the undersigned to respond to the Demands. It has been approximately an entire year since Defendant first served the Demands. The undersigned believes that the duration of Plaintiff's failure to respond to the Demands is significant, especially when considering the record as a whole and Plaintiff's other dilatory tactics. *Agiwal,* 555 F.3d at 303 (finding that a period of noncompliance with discovery orders over a period of six months weighed in favor of dismissal); *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666-67 (2d Cir. 1980) (delay of six months sufficient to warrant dismissal for failure to prosecute); *Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.,* No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (delay of four months warranted dismissal). The undersigned finds that this factor weighs in favor of dismissal.

With respect to the second factor, there can be no doubt that Plaintiff was on notice that his case could be dismissed for his failure to comply with this Court's orders, as well as his failure to comply with the Federal Rules. Indeed, the

undersigned's June 21, 2021, decision and order explicitly warned Plaintiff, in bold letters, that his failure to respond to the Demands by a date certain "will result in sanctions" including preclusion and/or dismissal and also warned Plaintiff "that any failure to abide by this Court's orders or the Federal Rules in the future could result in any other sanction provided under the Federal Rules." (D&O at 8, dated June 21, 2021, ECF No. 203.) In addition, Plaintiff was warned in a previous Court order, in bold letters, "that any further violation of Rule 11 may result in dismissal of the action or other appropriate sanctions." (D&O at 17, dated Feb. 1, 2021, ECF No. 177.) The February 1, 2021, decision and order addressed Plaintiff's five frivolous motions for sanctions. In other words, Plaintiff has been made aware, several times, that his failure to comply with the Federal Rules could result in dismissal of this action. The Court finds that this factor also weighs in favor of dismissal. *West v. City of New York,* 130 F.R.D. 522, 524–25 (S.D.N.Y. 1990) (after notice of court's intent to dismiss for failure to proceed with discovery had been given, plaintiff's continued failure was grounds for dismissal under Rule 41(b)).

The third factor—whether Defendant will be prejudiced by further delay of the proceedings—weighs in favor of dismissal. This case has already been pending for over seven years. The amount of time that has passed will certainly have an effect on witness memory and discovery proceedings and any further delay will only exacerbate these issues. Additionally, the delay caused by Plaintiff has increased Defendant's litigation costs, including forcing Defendant to incur attorney's fees for seeking responses to the Demands and having to make two motions to enforce the Court's orders directing Plaintiff to respond to those Demands. Defendant's litigation

costs will only continue to increase as Plaintiff continues to hamper the discovery process, preventing Defendant from obtaining the discovery necessary to defend herself in this action and requiring Defendant to make further motions to resolve this matter.

With respect to the fourth factor—balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard—Plaintiff has swamped the Court with irrelevant or obstructionist filings for years, as can be seen by the examples of these filings, above. Regardless, the Court has provided Plaintiff with many opportunities to be heard, including holding numerous case management conferences and oral arguments addressing those filings that the undersigned has the jurisdiction to address. Further, Plaintiff has repeatedly demonstrated his lack of respect for the undersigned, resorting to questioning the undersigned's qualifications and ability to perform his judicial duties. Plaintiff's obstreperous conduct has hampered this Court's docket and has required extraordinary time and attention that could have been spent on other litigants who show more respect for the judicial process. In consideration of the forgoing, this factor also weighs in favor of dismissal.

Finally, with respect to the fifth factor, based upon the particular facts of this case, Plaintiff's dilatory tactics, his repeated obstruction of the discovery process, his blatant disregard for the Federal Rules, his numerous filings attacking the undersigned and others rather than focusing on prosecuting the merits of the case, and his bold declaration that the undersigned's June 21, 2021, order is "moot," lead the undersigned to believe that dismissal of the case is the proper sanction. There has

been no indication from Plaintiff that he is willing to adhere to the Court's previous orders and, accordingly, Plaintiff will likely treat an order sanctioning him in the same manner and with the same disregard. Based upon the forgoing, the undersigned recommends that Plaintiff's case be dismissed pursuant to Rule 41(b), with prejudice.

### Findings of Fact Regarding Defendant's Motion for Attorney's Fees.

In response to Plaintiff's five motions for sanctions, Defendant filed a motion seeking sanctions against Plaintiff and requesting that the Court direct Plaintiff to respond to the Demands. (Def.'s Not. of Mot., ECF No. 147; Def.'s Mem. of Law at 9, ECF No. 147–2.) In response, the undersigned directed Plaintiff to respond to the Demands within thirty days of the filing of the decision and order. (D&O at 18, 19, ECF No. 177.) Plaintiff failed to comply with this Court order.

Defendant thereafter filed a motion seeking "an order [pursuant to Rules 37 and 41 of the FRCP] dismissing the instant action due to Plaintiff's refusal to comply with the Court's discovery order, or alternatively prohibiting Plaintiff from introducing evidence relating to and/or derived from the witness, Rita Reisinger-Novisky, and ordering Plaintiff to pay attorneys' fees and costs, or at the very least staying discovery and compelling Plaintiff to respond to Defendant's First Set of Interrogatories and Document Demands under threat of possible sanctions including dismissal . . . ." (Def.'s Not. of Mot., ECF No. 193.) The undersigned denied Defendant's motion for attorney's fees on the basis that Plaintiff had not yet been warned that the Court could impose sanctions under FRCP 37 for Plaintiff's failure

to comply with a court's discovery order. (D&O at 10, ECF No. 203.) In its decision and order, the Court specifically included the following language:

> **The Court hereby warns Plaintiff that the failure to respond to the Demands by that date will result in sanctions, which could include precluding Plaintiff from introducing evidence related to and/or derived from Rita Reisinger-Novisky, dismissal of this action, and directing Plaintiff to pay defense counsel's reasonable attorney's fees and costs associated with any subsequent motions made by Defendant pursuant to Rule 37. The Court further warns Plaintiff that any failure to abide by this Court's orders or the Federal Rules in the future could result in any other sanction under the Federal Rules.**

(*Id.* at 8.) The Court ordered Plaintiff to provide responses to the Demands by July 19, 2021. (*Id.*) Plaintiff has still not responded to the Demands, leading Defendant to make the instant motion.

### *Legal Conclusions Regarding Defendant's Motion for Attorney's Fees.*

With the present motion, Defendant seeks attorney's fees pursuant to FRCP 37(a)(5)(A) and (C). (Def.'s Not. of Mot., ECF No. 219; Def's Mem. of Law at 10, ECF No. 219–9.) Under subsection (A), the Court "must" require the offending party to pay the movant's reasonable attorney's fees incurred after notice if the Court previously granted the moving party's motion to compel. FRCP 37(a)(5)(A). Despite the compulsory language in Rule 37, "a district court has wide discretion in sanctioning a party for discovery abuses." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999), *cert. denied* 528 U.S. 1119 (Jan. 18, 2000). Under the rule, a court may deny a request for fees where (1) the movant did not make a good faith effort to resolve the dispute before filing the motion; (2) the non-moving party's failure to provide the discovery response was "substantially justified"; or (3) the award of fees would be

unjust. FRCP 37(a)(5)(A)(i)-(iii). Subsection (C) authorizes the court to apportion the reasonable expenses of the motion should the court not grant it in full. FRCP 37(a)(5)(C).

Plaintiff has not provided any justification for failing to comply with either of the Court's orders directing him to respond to the Demands. Additionally, the undersigned explicitly warned Plaintiff that he would be sanctioned, including an award of attorney's fees to Defendant, if he did not respond to the Demands by July 19, 2021. Plaintiff willfully ignored this warning.

Further, the undersigned does not believe that any exception to the mandatory award of attorney's fees under FRCP 37 applies here. Defendant has demonstrated that she made a good faith effort to resolve the discovery dispute, including mailing and emailing Plaintiff correspondence, dated March 10, 2021, in which defense counsel reminded Plaintiff that his discovery responses were overdue and providing him with additional time to submit the responses. (McKay corresp. to Pl., dated Mar. 10, 2021, ECF No. 189.) In addition, prior to making her first motion to dismiss and/or preclude, Defendant sought an order from the Court directing Plaintiff to respond to the Demands as part of her cross-motion for sanctions. (Def.'s Not. of Mot., ECF No. 147; Def.'s Mem. of Law at 9, ECF No. 147–2.)

With respect to the second exception, Plaintiff has not provided any argument or evidence to support any claim that his failure to respond to the Demands in total disregard of two Court orders was in anyway "substantially justified." If anything, Plaintiff made it abundantly clear that he has no respect for the undersigned's orders, even calling one of them "moot."

Finally, while the Court previously found that an award of attorney's fees would have been unjust because Plaintiff had not been forewarned of the possible sanctions for failing to comply with a court order, Plaintiff subsequently explicitly received such warning. (D&O, ECF No. 203.) Given Defendant's repeated failure to respond to the Demands and his blatant disregard of the orders of this Court, the undersigned does not believe that an award of fees would be unjust. Accordingly, the undersigned recommends that the District Court grant Defendant's motion for attorney's fees and award Defendant $2,925.00 in fees.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the District Court dismiss this action with prejudice pursuant to FRCP 37(b) and 41(b). The undersigned further recommends that the District Court grant Defendant's motion for attorney's fees. In the alternative, if the District Court does not find that dismissal is warranted, the undersigned recommends precluding Plaintiff from introducing evidence relating to and/or derived from Plaintiff's witness Rita Reisinger-Novisky, including calling her as a witness. Finally, the undersigned recommends granting Defendant's request to stay discovery until the Honorable Elizabeth A. Wolford renders a decision with respect to this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the undersigned hereby

**ORDERS**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED:   September **13**, 2021
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge

# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFFREY BLANE HOUGHTALING,

                    Plaintiff,                                    **DECISION AND ORDER**

                                                                 6:14-CV-06416 EAW

          v.

DEBORAH EATON, Senior C.C. Gowanda,

                    Defendant.

---

## INTRODUCTION

Plaintiff Jeffrey Blane Houghtaling ("Plaintiff"), proceeding *pro se*,[1] asserts claims against defendant Deborah Eaton ("Defendant") pursuant to 42 U.S.C. § 1983.  (Dkt. 11). Presently before the Court is the September 13, 2021 Report and Recommendation issued by United States Magistrate Judge Mark W. Pedersen, recommending that the Court grant Defendant's motion for an order pursuant to Rule 37 and Rule 41 of the Federal Rules of Civil Procedure, dismissing Plaintiff's case for failure to comply with discovery, and awarding Defendant her attorney's fees incurred in bringing the motion (Dkt. 226 (hereinafter, the "R&R")), Plaintiff's objections thereto (Dkt. 228), and Defendant's response to Plaintiff's objections (Dkt. 232).

---

[1]      Plaintiff was previously represented in this case by attorney John R. Parrinello (Dkt. 94), but on June 24, 2020, the Court granted Mr. Parrinello's motion to withdraw as counsel for Plaintiff (Dkt. 111).

The Court has conducted a thorough review of the R&R (Dkt. 226), the underlying motion to dismiss (Dkt. 219) and Plaintiff's response to the motion (Dkt. 222), and Plaintiff's objections to the R&R (Dkt. 228).  After *de novo* review of those issues to which objections were filed, and after a thorough consideration of all the issues raised in the parties' filings, the Court hereby accepts and adopts the R&R in its entirety.  Accordingly, Defendant's motion to dismiss (Dkt. 219) is granted, and Plaintiff's case is dismissed.  Further, Defendant is awarded attorney's fees in the amount of $2,925.00.  Plaintiff's pending motions for summary judgment and for judgment on the pleadings (Dkt. 229; Dkt. 233) are dismissed as moot.[2]

## **<u>BACKGROUND</u>**

By virtue of the R&R, the Court assumes the parties' familiarly with the factual and procedural background of this case.  However, the Court will provide a summary of certain background information particularly relevant to its evaluation of Defendant's motion and the R&R.

Plaintiff filed this action on July 24, 2014.  (Dkt. 1).  He asserts claims against Defendant for violation of his civil rights.  (Dkt. 11).  Defendant answered Plaintiff's second amended complaint on October 27, 2016 (Dkt. 17), and the case was referred to

---

[2]     On October 20, 2021, the Court issued a text order explaining that briefing on Plaintiff's motions for summary judgment and for judgment on the pleadings would be held in abeyance pending the Court's resolution of the R&R.  (Dkt. 234).  Accordingly, Defendant has not filed responses to those motions.

United States Magistrate Judge Jonathan W. Feldman for all pre-trial matters, excluding dispositive motions (Dkt. 18).[3]

On August 2, 2019, Defendant filed a notice to take the deposition of Plaintiff's social worker, Rita M. Reisinger-Novinsky.  (Dkt. 76).  Defendant attempted to depose Ms. Reisinger-Novisky on September 3, 2020, but Reisinger-Novisky terminated the deposition early because Plaintiff had informed her that it would last only one hour, and in reliance on that statement, she had scheduled patients for later that morning.  (*See* Dkt. 226 at 10; *see also* Dkt. 128 at ¶¶ 2-4).  Thereafter, on September 9, 2020, Defendant served on Plaintiff a First Set of Interrogatories and Document Demands.  (Dkt. 129 ("Defendant's First Set of Interrogatories and Document Demands")).

Plaintiff did not respond to the discovery demands but filed several motions for sanctions (Dkt. 126; Dkt. 127; Dkt. 131; Dkt. 132; Dkt. 134) which, among other things, challenged the propriety of the discovery demands (*see* Dkt. 134).  Defendant opposed Plaintiff's motions for sanctions (Dkt. 146) and on October 14, 2020, filed her own motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, requesting that the Magistrate Judge deny Plaintiff's motions for sanctions and grant sanctions against him, including but not limited to attorney's fees, for repeatedly filing frivolous motions (Dkt. 147; Dkt. 147-2 at 6-9).  Defendant also sought an order directing Plaintiff to participate in Ms. Reisinger-Novisky's deposition and respond to her discovery demands. (Dkt. 147).

---

[3]     On November 14, 2019, the case was re-referred to Magistrate Judge Pedersen. (Dkt. 89).

On February 1, 2021, the Magistrate Judge issued a Decision and Order denying both Plaintiff's and Defendant's motions for sanctions, but directed Plaintiff to fully respond to Defendant's interrogatories and document demands within 30 days, and also to not delay or otherwise impede, and to participate in, the deposition of Ms. Reisinger-Novisky.  (Dkt. 177).  The Magistrate Judge also admonished Plaintiff, in bolded text, that **"any future violation of Rule 11 may result in dismissal of the action or other appropriate sanctions."**  (*Id*. at 17).

Despite this order from the Magistrate Judge, Plaintiff still failed to participate in discovery, and he did not respond to Defendant's discovery demands.  On March 10, 2021, defense counsel sent a letter to Plaintiff via mail and e-mail, reminding him that pursuant to the Magistrate Judge's order his discovery responses were due on March 3, 2021, advising him that she could not proceed with Ms. Reisinger-Novisky's deposition until she received Plaintiff's responses, and informing him that she would seek sanctions if she did not receive Plaintiff's discovery responses by March 17, 2021.  (Dkt. 189).  On March 11, 2021, Plaintiff filed a letter addressed to the Clerk of Court complaining of defense counsel's "misconduct," and attaching her March 10, 2021 letter to him inquiring into the status of his discovery responses.  (Dkt. 190).

Thereafter, on March 18, 2021, Defendant filed a motion pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, seeking dismissal or in the alternative preclusion of evidence relating to Ms. Reisinger-Novisky, as well as her attorney's fees and costs.  (Dkt. 193).  Defendant cited to Plaintiff's refusal to comply with the Magistrate Judge's order that he respond to Defendant's interrogatories and document demands.  (Dkt.

193-2 at 3).  On June 21, 2021, the Magistrate Judge granted in part and denied in part Defendant's motion, declining to impose the sanctions of preclusion or dismissal, but finding that Plaintiff willfully violated his discovery order, and again directing Plaintiff to participate in discovery.  (Dkt. 203 at 7-10).  The Magistrate Judge directed that Plaintiff provide complete responses to Defendant's discovery demands by July 19, 2021.  (*Id.* at 8).  He again warned Plaintiff:

> **the failure to respond to the Demands by that date will result in sanctions, which could include precluding Plaintiff from introducing evidence related to and/or derived from Rita Reisinger-Novisky, dismissal of this action, and directing Plaintiff to pay defense counsel's reasonable attorney's fees and costs associated with any subsequent motions made by Defendant pursuant to Rule 37.  The Court further warns Plaintiff that any failure to abide by this Court's orders or the Federal Rules in the future could result in any other sanction provided under the Federal Rules**.

(*Id.*).  The Magistrate Judge also directed the parties to meet and confer and propose amended case management deadlines by June 28, 2021, to replace the deadlines in the prior scheduling order.  (*Id.* at 10).  However, Plaintiff failed to confer with Defendant (*see* Dkt. 208; Dkt. 210; Dkt. 219-1 at ¶ 19), but rather filed a motion for an immediate restraining order, complaining that defense counsel attempted to contact him by email (Dkt. 214).  On June 30, 2021, the Magistrate Judge issued an amended scheduling/case management order, setting forth new deadlines for the completion of discovery and for the filing of dispositive motions.  (Dkt. 211).

After Plaintiff again failed to respond to Defendant's discovery demands, on July 27, 2021, Defendant filed another motion pursuant to Rules 37 and 41, seeking the following relief: (1) dismissal of the action based on Plaintiff's refusal to comply with

discovery or, in the alternative, precluding him from introducing evidence relating to or derived from Ms. Reisinger-Novisky; (2) ordering Plaintiff to pay attorney's fees for the motion; and (3) a stay of the remaining discovery deadlines pending resolution of the motion. (Dkt. 219). Plaintiff responded to the motion on July 30, 2021. (Dkt. 222). The Court referred the motion to the Magistrate Judge for resolution of both non-dispositive and dispositive issues, including to issue a Report and Recommendation on Defendant's motion to dismiss, if necessary. (Dkt. 225).

On September 13, 2021, the Magistrate Judge issued the R&R recommending: (1) the Court dismiss Plaintiff's case pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to prosecute and failure to comply with two court orders regarding discovery; (2) the Court grant Defendant's motion for attorney's fees; and (3) the Court grant Defendant's request to stay discovery. (Dkt. 226 at 2). Specifically, the Magistrate Judge found that dismissal was appropriate under both Rule 37 and Rule 41, thoroughly recounting Plaintiff's failure to comply with multiple discovery orders and his frivolous filings, which served to significantly delay the case. (*Id*. at 2-17). Plaintiff filed objections to the R&R on September 30, 2021 (Dkt. 228), and Defendant responded to Plaintiff's objections on October 12, 2021 (Dkt. 232).

## DISCUSSION

### I.      Standard for Review of Report and Recommendation

Where a party makes specific objections to a magistrate judge's report and recommendation, the district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

- 6 -

made." 28 U.S.C. § 636(b)(1)(C).  "The Court reviews unobjected-to findings for clear error." *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 384 (W.D.N.Y. 2012). After conducting its review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.    Plaintiff's Objections

Plaintiff raises the following objections to the R&R: (1) Defendant's motion to dismiss is procedurally barred by the amended scheduling order dated June 30, 2021 and therefore, both the motion to dismiss and the R&R were not timely filed (Dkt. 228 at 7-9), and (2) an objection relating to an "unresolved factual dispute," concerning Ms. Reisinger-Novisky's deposition (*id*. at 9-14).

Pursuant to Rule 72 of the Local Rules of Civil Procedure, "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  *See* L. R. Civ. P. 72(b).  While Plaintiff has identified two specific objections, those objections focus on unsupported claims concerning the nature of the record, and do not address the conclusions contained in the R&R.  In other words, Plaintiff has failed to offer any meaningful argument as to why the Magistrate Judge's factual and legal conclusions relevant to dismissal of his case are incorrect.  While objections of this nature fail to trigger *de novo* review, *see, e.g., Barnes v. City of N.Y.*, No. 13 Civ. 7283(GBD)(JLC), 2015 WL 5052508, at *3 (S.D.N.Y. Aug. 26, 2015) (explaining that objections which "make and reiterate arguments through

unclear and conclusory statements; state the factual circumstances of Plaintiff's allegations; and advance unsupported claims . . . are not clearly aimed at particular findings in the Report and therefore do not trigger *de novo* review"), the Court will address each of Plaintiff's objections below.[4]

Turning to Plaintiff's first objection, he cites to the language in the June 30, 2021 scheduling order, which states that "[t]he deadline to complete expert discovery has passed." (*See* Dkt. 228 at 7; *see also* Dkt. 211 at 1). However, Defendant first requested to depose Ms. Reisinger-Novisky in August 2019 and served discovery demands in September 2020, well in advance of the Magistrate Judge's issuance of the June 2021 scheduling order. Contrary to Plaintiff's implication, the Court does not construe the June 2021 scheduling order as precluding Defendant from continuing to seek discovery from Plaintiff, which Defendant first requested years earlier and which she has continued to seek by court order. Given that the Magistrate Judge ordered Plaintiff to participate in discovery on multiple occasions, the Court does not believe he meant to preclude Defendant from continuing to seek this information from Plaintiff. Plaintiff may not rely on his own delay tactics to preclude Defendant from obtaining responses to her discovery demands.

Plaintiff's second objection focuses on a disc Defendant provided to the Court, demonstrating that defense counsel did not act improperly during the deposition of Ms. Reisinger-Novisky, as Plaintiff had claimed. Plaintiff takes issue with the alleged

---

[4]     The Court further notes that Plaintiff failed to raise these arguments before the Magistrate Judge, which precludes *de novo* review. *See Baker v. Ace Advertisers' Serv., Inc.*, 153 F.R.D. 38, 43 (S.D.N.Y. 1992).

mislabeling of this disc as his own deposition, when it was actually a deposition of Ms. Reisinger-Novisky. (Dkt. 228 at 10). He appears to theorize that Defendant "altered" the video, and the Magistrate Judge was aware of that fact and knowingly made a false statement that Defendant provided a "true and accurate copy" of Ms. Reisinger-Novisky's deposition. (*Id.*). As explained above, because this argument was not raised before the Magistrate Judge, the Court does not have the benefit of any factual findings concerning the purported "mislabeling" of the disc, and Plaintiff has not provided the Court with any evidence supporting his position. More importantly, Plaintiff may not rely on the purported mislabeling of a disc to excuse his own willful discovery violations and misconduct.

Accordingly, the Court finds that neither of the objections raised by Plaintiff require rejection or modification of the R&R. Further, as explained above, Plaintiff's objections, which "make and reiterate arguments through unclear and conclusory statements; state the factual circumstances of Plaintiff's allegations; and advance unsupported claims," *see Barnes*, 2015 WL 5052508, at *3, are not clearly aimed at the Magistrate Judge's determination that dismissal is appropriate under either Rule 37 or Rule 41, or that Defendant is entitled to her attorney's fees. However, given Plaintiff's *pro se* status, the Court will conduct a *de novo* review of the R&R.

## III.   Dismissal is Appropriate Under Either Rule 37 or Rule 41

### A.  Rule 37

The R&R first recommends that the Court grant Defendant's motion pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure and dismiss Plaintiff's case for his failure to comply with discovery orders. (Dkt. 226 at 5). In the alternative, the Magistrate

Judge recommends that Plaintiff be precluded from introducing evidence relating to and/or derived from Ms. Reisinger-Novisky, including that he be precluded from calling her as a witness pursuant to Rule 37(b)(2)(ii).  (*Id*. at 8).

Rule 37(b) allows the court to sanction a party for failing to comply with an order to provide or permit discovery, including dismissal of the action in whole or in part.  *See* Fed. R. Civ. P. 37(b)(2)(A).  "Disciplinary sanctions for failure to comply with Rule 37 are intended to serve three purposes."  *Arnold v. Krause, Inc.*, 233 F.R.D. 126, 129-30 (W.D.N.Y. 2005).

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued.  Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).  "All litigants, including *pro ses,* have an obligation to comply with court orders . . . and failure to comply may result in sanctions, including dismissal with prejudice."  *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (alteration, quotations, and citation omitted).  In other words, *pro se* litigants "are not immune to dismissal as a sanction for noncompliance with discovery orders."  *Id*.

"Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses."  *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999); *see Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006) ("A district court has wide discretion to impose sanctions,

including severe sanctions, under Federal Rule of Civil Procedure 37. . . .").  In imposing

Rule 37 sanctions, courts consider various factors, including:

> (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance.

*Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (quoting *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)); *see also Agiwal*, 555 F.3d at 302-03.

"Dismissal of a lawsuit . . . is appropriate if 'there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party.'"  *Occhino v. Citigroup Inc.*, No. CV-03-5259 (CPS), 2005 WL 2076588, at *11 (E.D.N.Y. Aug. 26, 2005) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)).  This high bar is set because dismissal is considered a "drastic remedy that should be imposed only in extreme circumstances."  *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (quotation omitted).  However, "[d]ismissal of a *pro se* litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'"  *Agiwal*, 555 F.3d at 302 (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)).

The Court has considered each of the above-mentioned factors and agrees with the R&R that dismissal of Plaintiff's case is appropriate.  Turning first to the willfulness of Plaintiff's non-compliance, he has refused to comply with two orders directing him to respond to Defendant's discovery demands.  (*See* Dkt. 177 at 17 (Magistrate Judge's

February 1, 2021 Decision and Order); Dkt. 203 at 8 (Magistrate Judge's June 21, 2021 Decision and Order)).   Plaintiff's filings demonstrate that he had knowledge of the Magistrate Judge's orders.   For example, instead of complying with the February 1, 2021 Decision and Order, Plaintiff filed a declaration, disputing the order as "dishonest."  (Dkt. 187 at 1).   Likewise, rather than complying with the June 21, 2021 Decision and Order, Plaintiff filed a "reply" arguing that the Magistrate Judge lacked jurisdiction to rule on Defendant's motion and therefore the June 21, 2021 directive that he comply with discovery was improper.[5]   (Dkt. 204 at 1-3).   Plaintiff's actions demonstrate that his conduct was willful.   *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) ("a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault" (quotations and citation omitted)), *reconsideration denied*, 285 F. Supp. 2d 331 (S.D.N.Y. 2002), *aff'd*, 93 F. App'x 328 (2d Cir. 2004). Although Plaintiff is proceeding *pro se* and "may in general deserve more lenient treatment than those [litigants] represented by counsel," he is still obligated to comply with court orders.  *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (explaining that *pro se* litigants have an obligation to comply with court orders, and "[w]hen they flout that obligation they, like all litigants, must suffer the consequences of their actions").   Accordingly, this factor weighs in favor of dismissal.

---

[5]      As explained its prior Decision and Order dated September 13, 2021, Plaintiff's assertion that the Magistrate Judge did not have jurisdiction to rule on Defendant's motion filed pursuant to Rule 37 and Rule 41 is incorrect.  (*See* Dkt. 224 at 9).

The Court has also considered the efficacy of lesser sanctions and agrees with the Magistrate Judge that no other sanction other than dismissal is appropriate. As explained above, Plaintiff has demonstrated that he does not intend to comply with court orders. He has also ignored several attempts by Defendant to prompt him to provide discovery responses or to otherwise participate in discovery. (*See, e.g.*, Dkt. 189; Dkt. 190; Dkt. 207; Dkt. 208; Dkt. 210). The parties are unable to move the case forward towards resolution unless and until Plaintiff abides by court orders, and he has consistently demonstrated that he will not do so. *Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (finding that "deliberate and persistent noncompliance rendered lesser sanctions inappropriate"). Based on the record before it, the Court is left with the firm conviction that some lesser sanction—such as exclusion of evidence—will not serve to convince Plaintiff that he must comply with court orders. Rather, Plaintiff would likely treat some other sanction with the same disregard he gave the Magistrate Judge's two prior orders that he respond to Defendant's discovery demands. Accordingly, this factor also weighs in favor of dismissal.

The duration of Plaintiff's non-compliance weighs in favor of dismissal. Defendant first noticed Ms. Reisinger-Novisky's deposition on August 2, 2019 (Dkt. 76) and served discovery demands on September 9, 2020 (Dkt. 129), and therefore those discovery requests have been pending for a significant time. On February 1, 2021, the Magistrate Judge issued a Decision and Order directing that Plaintiff respond to Defendant's interrogatories and document demands within 30 days and to participate in Ms. Reisinger-Novisky's deposition (Dkt. 177), and the Magistrate Judge again directed that Plaintiff respond to Defendant's discovery demands on June 21, 2021 (Dkt. 203). At the time the

Magistrate Judge issued the R&R, approximately seven months had passed since the first order directing Plaintiff to respond to Defendant's discovery demands, and at this time almost one year has passed since the Magistrate Judge first ordered Plaintiff to respond to Defendant's discovery demands.  To date, Plaintiff still has not provided responses to Defendant's interrogatories or document demands.  These lengthy delays also weigh in favor of dismissal.  *See Dungan v. Donahue*, No. 12 CV 5139(ILG)(RLM), 2014 WL 2941240, at *4 (E.D.N.Y. June 30, 2014) (where four months had passed since the court "expressly noted plaintiff's 'pattern of delaying the case, ignoring court orders, and refusing to provide discovery,' and six months since the Court first admonished plaintiff for failing to cooperate with defense counsel," finding that duration of the plaintiff's delay weighed in favor of dismissal (internal citations omitted)).

Finally, Plaintiff has been warned—on two separate occasions, and in bolded text—that his failure to comply with discovery orders may result in the dismissal of his case. (*See* Dkt. 177 at 17 (Magistrate Judge's February 1, 2021 Decision and Order); Dkt. 203 at 8 (Magistrate Judge's June 21, 2021 Decision and Order)).  Notwithstanding these warnings, Plaintiff still refuses to comply with the Magistrate Judge's orders that he respond to Defendant's discovery demands.  Accordingly, this factor also weighs in favor of dismissal.

Having carefully considered each of the aforementioned factors and finding that each weighs in favor of dismissal, the Court hereby adopts the Magistrate Judge's conclusion that dismissal pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure is warranted.

- 14 -

### B. Rule 41

Although the Court has concluded that dismissal is appropriate pursuant to Rule 37(b)(2), consistent with the R&R, the Court also considers whether dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is warranted.  A court's determination of whether to dismiss under Rule 41(b) "is guided by similar factors" to those that govern dismissal under Rule 37, with dismissal under Rule 37 including "the additional factor of the willfulness of the noncompliant party or the reason for the noncompliance," *Henry F. v. Woodlick*, No. 13-CV-4261 (NGG)(RML), 2014 WL 5878122, at *6 (E.D.N.Y. Nov. 12, 2014) (quotation and citation omitted), and "there is little distinction whether the dismissal is technically made under Rule 41 or Rule 37," *Peters-Turnbull v. Bd. of Educ. of City of N.Y.*, 7 F. App'x 107, 110 (2d Cir. 2001).

Rule 4l(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order. . . ."  Fed. R. Civ. P. 41(b). "Although Rule 41(b) does not define what constitutes a failure to prosecute, '[i]t can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics.'"  *Cognotec Servs., Ltd. v. Morgan Guar. Trust, Co.*, No. 93 Civ. 4878 KTD, 1999 WL 627411, at *2 (S.D.N.Y. Aug. 18, 1999) (quoting *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir. 1982)).  "Dilatory tactics 'may consist, for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers.'"  *Id.*  While Rule 41 "refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*."  *Lopez v. Comm'r of Soc. Sec.*, 110 F. Supp. 3d 489, 491

- 15 -

(W.D.N.Y. 2015) (citation omitted). "While a harsh remedy, the rule is 'intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload.'" *Id.* (citation omitted).

Before dismissing a case under Rule 41(b), the district court must weigh five factors, many of which include the factors weighed by the court in assessing a Rule 37 dismissal:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted). Generally, no single factor in the analysis is dispositive. *Id.* The Second Circuit has "indicated that a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (citation omitted). Weighing the five factors listed above, the Court finds that the circumstances are "sufficiently extreme" to warrant dismissal for failure to prosecute.

As explained above in section III(A), *supra*, factors one (the duration of the plaintiff's failure to comply with the court order), two (whether the plaintiff was on notice that failure to comply would result in dismissal), and five (whether the judge has adequately considered a sanction less drastic than dismissal), all weigh in favor of dismissal. At the time the Magistrate Judge issued the R&R, approximately seven months had elapsed since the February 1, 2021 Decision and Order requiring Plaintiff to respond to Defendant's discovery demands, and the delays that occurred during that time were the result of

Plaintiff's own conduct, which necessitated extensive motion practice by Defendant to attempt to obtain the outstanding discovery responses. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001) (explaining that in applying the first factor, the court should consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration"). Plaintiff was warned on two occasions that his failure to comply could result in the dismissal of his case. (*See* Dkt. 177; Dkt. 203). The Magistrate Judge has also employed sanctions less drastic than dismissal, including admonishing Plaintiff, which have failed to prompt Plaintiff to comply. *See, e.g., Georgiadis v. First Boston Corp*., 167 F.R.D. 24, 26 (S.D.N.Y. 1996) (explaining that sanction less drastic than dismissal would not be appropriate, as "plaintiff seems to have great difficulty complying with directions of the Court," which was made "apparent in his failure to answer the[] interrogatories," and "in his failure to comply with the Court's direction. . . ."). Accordingly, the Court considers whether the third and fourth factors— whether Defendant is likely to be prejudiced by further delay in the proceedings and a balancing of the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard—weigh in favor of dismissal.

The Court agrees with the Magistrate Judge's conclusion that Defendant is likely to be prejudiced by a further delay in the proceedings. *See Coats v. Dep't of Veteran Affairs*, 268 F. App'x 125, 127 (2d Cir. 2008) ("when a plaintiff has unreasonably delayed, prejudice to the defendants may be presumed"). Plaintiff filed this action almost eight years ago in July 2014. Defendant served discovery demands in September 2020, to which Plaintiff still has not responded. As noted by the Magistrate Judge, the passage of time

- 17 -

will affect witness memories, and further delay would only exacerbate those issues. *See Georgiadis*, 167 F.R.D. at 25 (explaining that the plaintiff's failure to respond to interrogatories, which sought identification of possible witnesses, caused prejudice because "[t]he passage of time always threatens difficulty as memories fade," and "[g]iven the age of this case, that problem probably is severe already," and "[t]he additional delay that plaintiff has caused . . . can only make matters worse"). Further, Defendant has devoted significant time and resources addressing Plaintiff's frivolous filings and to obtain the outstanding discovery, which could have been spent either moving this case towards a resolution or in addressing other matters. Accordingly, the Court finds that Defendant has been prejudiced, and this factor also weighs in favor of dismissal.

The Court has also balanced its interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard. Over the past several years Plaintiff has been granted numerous opportunities to be heard regarding his claims (*see, e.g.*, Dkt. 136 (September 22, 2020 conference on Plaintiff's motions for sanctions); Dkt. 144 (October 7, 2020 status conference on issues raised in Plaintiff's September 30, 2020 filing); Dkt. 175 (January 20, 2021 hearing on Plaintiff's motion for a hearing)), and he has filed several motions, all of which were addressed by either the Magistrate Judge or the undersigned (*see, e.g.*, Dkt. 110; Dkt. 118; Dkt. 126; Dkt. 127; Dkt. 131; Dkt. 132; Dkt. 134; Dkt. 141; Dkt. 143; Dkt. 153; Dkt. 157; Dkt. 159; Dkt. 168; Dkt. 214). Despite multiple opportunities to be heard, Plaintiff has continually flouted court orders and efforts to move the case towards a resolution, and has instead engaged in serial motion-filing, including by making duplicative and frivolous filings. For example, Plaintiff has made several motions for

- 18 -

summary judgment and filings purporting to be motions for summary judgment, many of which were not properly filed (*see, e.g.*, Dkt. 98; Dkt. 118; Dkt. 153), and he has filed several motions for sanctions throughout the history of this case (*see, e.g.*, Dkt. 177 at 4-14 (addressing Plaintiff's motions for sanctions)).   Further, following the Magistrate Judge's June 21, 2021 Decision and Order directing Plaintiff to provide discovery responses by July 19, 2021 (Dkt. 203), Plaintiff filed several "responses" to the decision, which do not raise any substantive issues with regard to the decision, but rather purported to be "formal complaints" against the Magistrate Judge for allegedly violating this Court's orders regarding the disposition of dispositive motions (Dkt. 204; *see also* Dkt. 205; Dkt. 206; Dkt. 212).

Over the last year alone, both the Magistrate Judge and the undersigned have spent a significant amount of time and resources addressing Plaintiff's frivolous filings and his failure to comply with court orders.   (*See, e.g.*, Dkt. 169 (December 30, 2020 text order addressing Plaintiff's improper motion); Dkt. 177 (February 1, 2021 Decision and Order addressing and denying Plaintiff's five motions for sanctions); Dkt. 188 (March 9, 2021 Decision and Order denying as duplicative Plaintiff's motion for a hearing); Dkt. 195 (March 26, 2021 Order denying without prejudice Plaintiff's motion for summary judgment, and noting outstanding discovery, including the deposition of Ms. Reisinger-Novisky); Dkt. 203 (June 21, 2021 Decision and Order addressing Defendant's motion to dismiss, based on Plaintiff's failure to comply with discovery orders); Dkt. 224 (September 13, 2021 Decision and Order addressing Plaintiff's improperly filed motion for summary judgment and noting duplicative and frivolous filings); Dkt. 226 (instant R&R)).  In other

- 19 -

words, at this point in the case Plaintiff has been afforded ample opportunity to be heard, and that must yield to the Court's interest in managing its docket, particularly considering that Plaintiff has demonstrated—time and again—that he will not comply with court orders. *Georgiadis*, 167 F.R.D. at 25 ("the Court's interest in managing its docket, after all of the difficulties caused by plaintiff in this case, now outweighs plaintiff's interest in being heard on the merits"). Accordingly, this factor also weighs in favor of dismissal.

Having carefully considered the aforementioned factors and concluding that each weighs in favor of dismissal of Plaintiff's case, the Court hereby adopts the Magistrate Judge's recommendation that dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is warranted.

## IV. Attorney's Fees

Pursuant to Rule 37(a)(5)(A) and (C) of the Federal Rules of Civil Procedure, Defendant also seeks her attorney's fees incurred in connection with bringing the instant motion. (Dkt. 219; Dkt. 219-8; 219-9 at 10). The Magistrate Judge found that an award of attorney's fees was justified and awarded fees in the amount of $2,925.00. (Dkt. 226 at 18-20).[6]

---

[6] Although it is not specifically addressed in the R&R, the Court notes that government entities, such as the Attorney General's Office, are entitled to recover their reasonable attorney's fees. *See Adams v. N.Y.S. Educ. Dep't*, 630 F. Supp. 2d 333, 348 (S.D.N.Y. 2009) ("That 'government attorneys receive a fixed salary and do not bill a client for their services,' should not change the analysis of what rate a paying client would be willing to pay, and thus the rate should be the same whether private counsel, non-profit organization counsel or a government attorney performs the work." (citation omitted)); *see also N.L.R.B. v. A.G.F. Sports Ltd.,* No. MISC. 93-049 (CBA), 1994 WL 507779, at *1 (E.D.N.Y. June 22, 1994) ("[I]t is established law in this Circuit that government attorneys may be reimbursed at the prevailing market rate.").

Rule 37(a)(5) allows a court to order sanctions in connection with a motion compelling disclosure or discovery:

(5) Payment of Expenses; Protective Orders.

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii)  other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5). "Despite the compulsory language in Rule 37, 'a district court has wide discretion in sanctioning a party for discovery abuses.'" *Smith v. Fischer*, No. 13-CV-6127-FPG, 2019 WL 4750548, at *2 (W.D.N.Y. Sept. 30, 2019) (quoting *Reilly*, 181 F.3d at 267). In determining whether to award expenses, a court should consider the three exceptions listed in the rule at subsections (i) through (iii). *See Wager v. G4S Secure Integration, LLC*, No. 1:19-cv-03547-MKV-KNF, 2021 WL 293076, at *3 (S.D.N.Y. Jan. 28, 2021). Further, "[t]he imposition of Rule 37(a)(5) sanctions for failure to comply with discovery demands must be weighed in light of the full record." *S.E.C. v. Yorkville Advisors, LLC*, No. 12 Civ. 7728(GBD)(HBP), 2015 WL 855796, at *3 (S.D.N.Y. Feb. 27, 2015).

- 21 -

The record reflects that Defendant attempted in good faith to obtain discovery from Plaintiff without court intervention.  (*See* Dkt. 189 (Defendant's March 10, 2021 letter to Plaintiff requesting responses to interrogatories and document demands, and advising that "[i]f I do not receive any response from you by March 17, 2021 . . . I will seek sanctions from the Court. . . .")).  As explained above, Plaintiff's refusal to respond to these demands is not substantially justified.  To the contrary, his refusal was in direct violation of two court orders.

Finally, the Court can cannot discern, nor has Plaintiff identified, any other circumstances that would make an award of expenses unjust.  The Magistrate Judge previously denied Defendant's request for attorney's fees, and Plaintiff was warned in the June 21, 2021 Decision and Order that he could be ordered "**to pay defense counsel's reasonable attorney's fees and costs associated with any subsequent motions made by Defendant pursuant to Rule 37.**"  (Dkt. 203 at 8).  Further, the record before the Court does not indicate that Plaintiff is destitute and would be unable to pay the attorney's fees. For example, Plaintiff paid the filing fee in this case and is not proceeding *in forma pauperis.  Cf. Smith*, 2019 WL 4750548, at *2 (noting that plaintiff "has been proceeding *pro se* for a substantial portion of the case and *in forma pauperis* for the entirety of it," and explaining that "[a]warding Defendants over $1,000 in attorney's fees would place an unreasonable burden upon Plaintiff, who could not afford the filing fee to bring this action").  Further, Plaintiff works in construction and has been working as a laborer for over 20 years.  (*See* Dkt. 219-5 at 13-14).  Accordingly, having considered the three exceptions listed at subsections (i) through (iii), the Court agrees with the Magistrate

Judge's determination that Defendant is entitled to collect her attorney's fees in connection with bringing her most recent motion to dismiss. *Sterling v. Promotional Corp. v. Gen. Accident Ins. Co. of N.Y.*, 86 F. App'x 441, 445 (2d Cir. 2004) (finding that district court did not abuse its discretion in ordering dismissal pursuant to Rule 37 for repeated failure of insured's president to appear for deposition, and holding insured and its attorney jointly and severally liable for attorney fees, noting that "both dismissal and an award of attorneys' fees are among the sanctions available under Rule 37").

Defense counsel has filed a declaration stating that she spent 13 hours preparing her motion. (*See* Dkt. 219-1 at ¶ 24). She has also attached an itemized schedule detailing the hours worked (Dkt. 219-8), and requests attorney's fees in the amount of $2,925.00 (Dkt. 219-9 at 12). The Court has reviewed the itemized schedule detailing defense counsel's hours spent in preparing the instant motion and finds that they are reasonable and not duplicative. Further, attorney's fees in the amount of $2,925.00 for 13 hours yields an hourly rate of $225.00, which is reasonable given counsel's ten years of experience (*see* Dkt. 219-1 at ¶ 23). *See, e.g.*, *Costa v. Sears Home Improvement Prods., Inc.*, 212 F. Supp. 3d 412, 420-21 (W.D.N.Y. 2016) (collecting cases, and finding hourly rates of $225 to $250 for partner or senior associate time reasonable). Accordingly, the Court adopts the Magistrate Judge's recommendation that Defendant is entitled to attorney's fees in connection with bringing the instant motion, and Defendant is awarded attorney's fees in the amount of $2,925.00.[7]

---

[7]    The Court notes that the $2,925.00 in attorney's fees awarded to Defendant represents just a fraction of the $9,450.00 she previously spent responding to motions filed

## **CONCLUSION**

Accordingly, for the foregoing reasons, the Court hereby adopts the R&R (Dkt. 226) in its entirety.  Defendant's motion to dismiss (Dkt. 219) is granted to the extent that Plaintiff's case is dismissed, and Defendant is awarded attorney's fees in the amount of $2,925.00.  Plaintiff's pending motions for summary judgment (Dkt. 229) and for judgment on the pleadings (Dkt. 233) are denied as moot.  The Clerk of Court is directed to enter judgment in favor of Defendant and to close this case.


SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        January 18, 2022
              Rochester, New York

---

by Plaintiff and filing her own motions to move the case forward.  (*See* Dkt. 219-9 at 11; *see also* Dkt. 170 at ¶ 19, 10 (calculating attorney's fees in the amount of $6,075.00, spent in connection with responding to Plaintiff's motions for sanctions and drafting Defendant's Rule 11 motion for sanctions); Dkt. 196 at ¶¶ 4, 5 (documenting attorney's fees in the amount of $3,375.00 accrued in connection with Defendant's March 18, 2021 motion filed pursuant to Rules 37 and 41)).

# EXHIBIT D

22-638-pr
Houghtaling v. Fischer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1     At a stated term of the United States Court of Appeals for the Second Circuit,
2  held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of
3  New York, on the 5th day of January, two thousand twenty-three.
4
5  PRESENT:
6          ROBERT D. SACK,
7          ALISON J. NATHAN,
8          SARAH A. L. MERRIAM,
9                  *Circuit Judges.*
10 ─────────────────────────────
11
12 **Jeffrey Blane Houghtaling,**
13
14                  *Plaintiff-Appellant,*
15
16        v.                                                    22-638
17
18 **Deborah Eaton, Senior C.C. Gowanda,**
19
20                  *Defendant-Appellee,*
21
22 **Brian Fischer, Comm. of DOCS, Debra Eaton,**
23 **Dale Artus,**
24
25                  *Defendants.*
26 ─────────────────────────────
27
28
29
30 **FOR PLAINTIFF-APPELLANT:**               Jeffrey Blane Houghtaling, pro se,
31                                             Rochester, NY.
32

| | |
|---|---|
| 1    **FOR DEFENDANT-APPELLEE:** | Barbara D. Underwood, Solicitor |
| 2 | General, Jeffrey W. Lang, Deputy |
| 3 | Solicitor General, Sean P. Mix, |
| 4 | Assistant Solicitor General, of counsel, |
| 5 | *for* Letitia James, Attorney General for |
| 6 | the State of New York, Albany, NY. |
| 7 | |

8        Appeal from a judgment of the United States District Court for the Western District of New

9   York (Wolford, *J.*, Pedersen, *M.J.*).

10        **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

11   **DECREED** that the judgment of the district court is **AFFIRMED**.

12        Appellant Jeffrey Houghtaling, proceeding *pro se*, appeals the dismissal of his 42 U.S.C.

13   § 1983 complaint under Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure for

14   failure to comply with discovery orders after Houghtaling twice ignored orders directing him to

15   respond to the defendant's interrogatories and discovery demands. The court also awarded

16   attorney's fees to the defendant-appellee as a related discovery sanction. We assume the parties'

17   familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

18        We review dismissals under Rules 37 and 41(b) for abuse of discretion, remaining mindful

19   that dismissal is a "harsh remedy to be used only in extreme situations." *Agiwal v. Mid Island*

20   *Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted) (Rule 37); *see Baptiste v.*

21   *Sommers*, 768 F.3d 212, 216–17 (2d Cir. 2014) (Rule 41(b)). We also review the award of

22   attorney's fees for abuse of discretion. *McDaniel v. County of Schenectady*, 595 F.3d 411, 416

23   (2d Cir. 2010).

24

---

[1] Houghtaling also moves to hold appellee's counsel in contempt of court for purported misconduct in connection a notice of appearance. Finding no such misconduct, we DENY Houghtaling's motion.

1    When deciding a motion to dismiss pursuant to Rule 37 for failure to comply with

2    discovery orders, courts consider "(1) the willfulness of the non-compliant party or the reason for

3    noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of

4    noncompliance, and (4) whether the non-compliant party had been warned of the consequences of

5    noncompliance." *Agiwal*, 555 F.3d at 302 (citation and alteration omitted).  Likewise, when

6    considering a dismissal under Rule 41(b) for failure to comply with court orders, a district court

7    "must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order,

8    (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether

9    the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of

10   the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to

11   be heard, and (5) whether the judge has adequately considered a sanction less drastic than

12   dismissal." *Baptiste*, 768 F.3d at 216 (citation and internal quotation marks omitted).  "No single

13   factor is generally dispositive." *Id.*  In addition, Rule 37(b)(2)(C) provides that, when the district

14   court imposes sanctions (such as dismissal) pursuant to Rule 37(b)(2)(A) for failure to comply

15   with a discovery order, "the court must order the disobedient party . . . to pay the reasonable

16   expenses, including attorney's fees, caused by the failure, unless the failure was substantially

17   justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).[2]

18   Having set out the relevant factors, we have no occasion to assess them because

19   Houghtaling fails to meaningfully address the district court's adverse rulings in his opening brief.

---

[2]  The district court stated that the fee award was granted pursuant to Rule 37(a)(5)—which applies when the court grants a Rule 37(a) motion to compel discovery—but every exception to an award of fees under the applicable Rule 37(b)(2)(A) is also available under Rule 37(a)(5).

3

1     While we "liberally construe" the filings of *pro se* litigants "to raise the strongest arguments they

2     suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citation

3     omitted), *pro se* litigants must still comply with Federal Rule of Appellate Procedure 28(a), which

4     "requires appellants in their briefs to provide the court with a clear statement of the issues on

5     appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). We "normally will not[] decide

6     issues that a party fails to raise in his or her appellate brief." *Id.*; *see also LoSacco v. City of*

7     *Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an

8     appellant proceeding *pro se* . . . .").

9     Houghtaling does not address the district court's evaluation of the factors outlined above.[3]

10     He has therefore forfeited those issues on appeal. Even if it were otherwise, however, we perceive

11     no abuse of discretion in the district court's dismissal or award of fees, and we would therefore

12     affirm for substantially the reasons stated in the district court's January 18, 2022 decision. *See*

13     *Houghtaling v. Eaton*, No. 6:14-cv-6416 (EAW), 2022 WL 167538, at *3–10 (W.D.N.Y. Jan. 18,

14     2022).

15     In lieu of raising meaningful challenges to the district court's decision, Houghtaling

16     accuses defense counsel of misconduct and the magistrate judge of bias. These arguments

17     provide no grounds for remand. To the extent that Houghtaling intends to argue that he had no

18     obligation to comply with the magistrate judge's orders because they were improper, he is

---

[3] Houghtaling's contention that the district court overlooked arguments raised before the magistrate judge—and erroneously treated them as having been raised for the first time in his objections to the magistrate judge's report and recommendation—is misplaced. Even if there were such an error, it would be harmless because the district court conducted a *de novo* review of the entire report and recommendation and addressed the objections.

4

1    incorrect. "If a person to whom a court directs an order believes that order is incorrect the remedy

2    is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness*

3    *v. Meyers*, 419 U.S. 449, 458 (1975); *see also McDonald v. Head Crim. Ct. Supervisor Officer*,

4    850 F.2d 121, 124 (2d Cir. 1988) ("An order issued by a court must be obeyed, even if it is later

5    shown to be erroneous."). Houghtaling's arguments regarding defense counsel's purported

6    misconduct are, likewise, largely irrelevant to whether he could willfully ignore the magistrate

7    judge's repeated orders without consequence. Although Houghtaling argues that defense counsel

8    caused some discovery delays by cancelling depositions, the period at issue here—from the first

9    order directing Houghtaling to respond to the discovery demands through the orders

10    recommending and ordering dismissal as a sanction for his nonresponse—is independent of any

11    delay attributable to the defendant. Houghtaling also claims that the magistrate judge was biased

12    against him, but that claim is premised entirely on adverse rulings, "and adverse rulings, without

13    more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."

14    *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009).

15    We have considered Houghtaling's arguments and find them to be without merit.

16    Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Houghtaling's motion to

17    hold counsel in contempt of court.

18
19                   FOR THE COURT:
20                   Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5