UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY HOUGHTALING,

                Plaintiff,                **MEMORANDUM OF LAW**

    -vs-

                                                    **20-CV-6168**

DOWNES, et al.,

                Defendants.
_____

**PRELIMINARY STATEMENT**

In May 2023, the Court granted Defendants' motion to compel and ordered Plaintiff to provide discovery responses within thirty days. *See* Docket No. 92. Over the following 55 days, Plaintiff made no attempt to comply. *See* Declaration of Heather L. McKay, sworn to July 10, 2023 ("McKay Decl."), at ¶ 6. This case should be dismissed, and Plaintiff made to pay Defendants' reasonable expenses for this motion.

Plaintiff has a history of disobeying court orders. In January 2022, another lawsuit by him was dismissed under nearly identical circumstances, where he disobeyed this Court's order that he provide discovery responses. *See Houghtaling v. Eaton*, No. 14-CV-6416, 2022 WL 167538 (W.D.N.Y. Jan. 18, 2022) (Wolford, J.), attached as "Exhibit C" to McKay Decl. The Second Circuit recently affirmed that dismissal. *See Houghtaling v. Eaton*, No. 22-638, 2023 WL 113840 (2d Cir. Jan. 5, 2023), attached as "Exhibit D" to McKay Decl. Yet, Plaintiff's disobedience has continued, such that dismissal of this action is appropriate as well.

**FACTS**

Plaintiff commenced this lawsuit on March 20, 2020. *See* Docket No. 1. On November 16, 2021, the then-four defendants filed a motion to dismiss, which this Court granted in part.

1

*See* Docket Nos. 32, 60.  The sole remaining claim involves a videotaped patfrisk at the Rochester parole office on March 22, 2017, which Plaintiff alleges was conducted in an excessive manner.  *See* Docket No. 60 at p. 30.

On November 3, 2022, Judge Pedersen issued a scheduling order requiring, *inter alia*, "[a]ll mandatory disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure, as well as any objections to the mandatory disclosure requirements, shall be completed on or before December 21, 2022."  Docket No. 69 ¶ 2.  Judge Pedersen further ordered that "[a]ll factual discovery in this case shall be completed on or before December 15, 2023," with motions to compel discovery due by January 30, 2024.  *Id* ¶ 4.

On November 7, 2022, Plaintiff filed a motion for miscellaneous relief, entitled "Omnibus Motion Video Request and Motion for Relief."  Docket No. 71.  In a text order dated November 22, 2022, this Court construed Plaintiff's filing as a motion for sanctions, indicated that it would "take this motion into consideration once a working copy of the video has been produced to Defendants," and gave Defendants fourteen days "to respond to the motion for sanctions starting from the date the video is produced."  Docket No. 80.  Defendants never received a copy of the video from Plaintiff.  *See* Docket No. 89-1 at ¶¶ 6 & 13.

On November 23, 2022, Defendants filed and served their First Set of Document Demands on Plaintiff (the "Demands").  *See* Docket No. 81.  The Demands included a request for "all video recordings and CDs with regard to the allegations in the operative complaint."  *Id.*  Defendants also enclosed HIPAA authorization forms for Plaintiff to sign and return.  *See* Docket No. 89-1 ¶ 4.

On December 16, 2022, Defendants filed and served their Initial Disclosures.  *See* Docket Nos. 85.  Defendants again enclosed HIPAA authorization forms for Plaintiff to sign to allow

access to his medical and mental health records. *See* Docket No. 85-1. Plaintiff did not provide any response to the Demands, initial disclosures, or the completed HIPAA authorization forms. *See* Docket No. 89-1 at ¶ 6.

On February 24, 2023, Defendants attempted to confer in good faith with Plaintiff about his failure to participate in discovery. *See* Docket No. 89-1 at ¶ 7-8 & Exh 1. In their letter, Defendants warned Plaintiff that his continued refusal to respond would result in them seeking sanctions, including dismissal. *See id*. Defendants received no response from Plaintiff. *See id.* at ¶ 9.

On March 20, 2023, Defendants opposed Plaintiff's still-pending motion for sanctions, and cross-moved to dismiss and/or compel Plaintiff to produce the outstanding discovery. *See* Docket No. 89. Plaintiff did not oppose the cross motion. On April 17, 2023, Judge Pedersen issued a text order noting that Plaintiff's response was more than two weeks overdue, presuming Plaintiff's familiarity with the Local Rules given his history as an experienced litigator, and indicating that it would take the cross motion under advisement. *See* Docket No. 91.

On May 16, 2023, this Court ordered "Plaintiff to (1) provide mandatory disclosures, (2) respond to [Defendants'] Demands, (3) provide executed HIPAA authorizations, and (4) provide a copy of the video footage manually filed on the Clerk's docket at ECF No. 63 to Defendants within 30 days." Docket No. 92 p. 19. The Court warned Plaintiff:

> **[T]he failure to comply with the forgoing will result in sanctions, which could include dismissal of this action, and directing Plaintiff to pay defense counsel's reasonable attorney's fees and costs associated with any subsequent motions made by Defendants pursuant to Rules 16, 37 and/or 41. The Court further warns Plaintiff that any failure to abide by this Court's order or the Federal Rules in the future could result in any other sanction provided under the Federal Rules**.

Docket No. 92 p. 19 (bold in original).

Since then, Plaintiff has utterly failed to comply with the Court's order. To date, Defendants have received no discovery from him whatsoever. McKay Decl. ¶ 6-7. Rather than allowing Plaintiff to continue wasting judicial and public resources, this lawsuit should be dismissed on the merits and with prejudice.

## LEGAL STANDARD

Rule 16(f)(1) of the Federal Rules of Civil Procedure permits the Court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A) provides, in relevant part: If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . (v) dismissing the action or proceeding in whole or in part." Meanwhile, Rule 37(b)(2)(C) provides for the payment of expenses: "Instead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Finally, pursuant to Rule 41(b), a court may dismiss an action or counterclaim, on motion or its own initiative, for the failure of the plaintiff "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d. Cir. 2014).

This Court "has wide discretion in sanctioning a party for discovery abuses." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999). As the Second Circuit has explained:

> This Court reviews the imposition of sanctions, including dismissal, for abuse of discretion, and the factual findings made in support of the district court's decision for clear error. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir.2010). "[I]n evaluating a district court's exercise of discretion to dismiss

4

> an action under Rule 37," this Court has considered: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir.2009) (citation and internal quotation marks omitted); *see also S. New England Tel. Co.*, 624 F.3d at 144 (stating that "these factors are not exclusive, and they need not each be resolved against the party challenging the district court's sanctions for us to conclude that those sanctions were within the court's discretion" (citation omitted)). Moreover, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.1994) (per curiam).

*Brissett v. Manhattan & Bronx Surface Transit Operating Auth.*, 472 F. App'x 73, 74 (2d Cir. 2012).

## ARGUMENT

**I.      The factors under Rule 37 weigh in favor of dismissal and sanctions.**

Plaintiff is clearly aware of the need to participate in discovery or face dismissal, since it has happened to him previously. Already in this case, in May 2023, Judge Pedersen declined to dismiss this action and instead afforded Plaintiff further opportunity to fulfill his obligations. Plaintiff has now ignored that Court order. The four factors under Rule 37 clearly favor dismissal.

*(1) The willfulness of the non-compliant party or the reason for noncompliance.*

Particularly given Plaintiff's history of flouting discovery orders, it can be inferred that his present noncompliance is willful. Judge Pedersen's order, like Defendants' underlying discovery demands, was mailed to the same address where Plaintiff has accepted correspondence for nearly a decade. *See* Docket No. 92. Between the two actions, Plaintiff has been issued countless warnings from this Court, and the Second Circuit's recent affirmance reiterates that he

cannot simply ignore his discovery obligations.  Plaintiff's willfulness weighs in favor of dismissal.

*(2) The efficacy of lesser sanctions.*

Lesser sanctions will not be effective.  Again, Judge Pedersen recently afforded Plaintiff an additional opportunity to comply, and even ordered Plaintiff to pay Defendants' attorney's fees for the motion to compel, to no avail.

In evaluating this factor in Plaintiff's prior action, this Court held that "no other sanction other than dismissal [wa]s appropriate," given that: "Plaintiff has demonstrated that he does not intend to comply with court orders"; he has "ignored several attempts by Defendant to prompt him to provide discovery responses or to otherwise participate in discovery"; "[t]he parties are unable to move the case forward towards resolution unless and until Plaintiff abides by court orders, and he has consistently demonstrated that he will not do so"; "the Court is left with the firm conviction that some lesser sanction—such as exclusion of evidence—will not serve to convince Plaintiff that he must comply with court orders."  McKay Decl., Exh C at p. 13.

Despite this history, Plaintiff continues to disobey court orders with which he disagrees.  Like his prior lawsuit, Plaintiff's only actions in this case have been frivolous filings containing gross exaggerations and *ad hominem* attacks on court officers.  *See, e.g.,* Docket Nos. 9, 10, 24, 40 (seeking default judgment when defendants objected to improper service and later once motion to dismiss pursuant to Rule 12(b)(6) was pending); Docket No. 20 & 43 (seeking and filing copy of "civility oath" signed by defense counsel upon admission to practice in this district); Docket No. 28 (rescinding "agreement to allow defense counsel to respond," characterizing Defendants' request for time to answer as "condescending," and referring to defense counsel as "a known dishonest and deceitful person," who "has no humility or integrity

6

and acts as though she has not been caught red handed destroying evidence, violating policies, sworn oaths, procedures, rules, and regulations as a way of normal business"); Docket No. 35 (so-called "motion for a hearing" describing defense counsel as "this contemptuous New York State Attorney General lawyer," "a disparaging fiction writer [who] has lost all respect for her position as an Officer of the Court"; accusing defense counsel of "fabricat[ing] a subsequent conviction for DWI"; claiming that "Defense Counsel's attempt to mislead your Court, attack the Plaintiff's hard fought documented sobriety, and disparage the Plaintiff as a liar is truly shocking, even for her"; and accusing defense counsel of contempt of court and obstructing federal courts under 18 USC § 1503); Docket No. 36 (unsupported motion for "judgement (sic) on the pleadings" under Rule 12(c) where extent of analysis was "it is clear the Plaintiff's constitutional rights have been shattered by the defendant's inhumane depravities as well as the wanton improprieties of defense counsel"); Docket No. 37 (stating: "Sadly, defense counsel has cemented her untruthfulness and deceit full throttle – right in your face, Judge Wolford. Notational scheme. Heather L. McKay = untruthful. Judge Wolford = Truthful" and "It is impossible to believe anything Heather L. McKay submits to your Court verbally or in writing. She lies about anything. How can anyone litigate against this fabricator of false facts."); Docket No. 45 (moving for a "stay" "[a]t least until resolution of defense counsel's shameless disrespect; her smug unlawfulness, and her willful flouting and altering of your Court Orders are resolved by your Honor."); Docket No. 55 (claiming "contemptuous," " 'new' Attorney General lawyer Sean P. Mix is infesting and saturating my fresh new docket with deceit, lies, untruthful certifications, and improper attorney replacements in what appears to be more of the same gaming of the court.  See the Contempt motion below. . . .  It is nearly impossible to litigate with any sort of fairness—against a proven fabricator of false facts and gamer like Sean P. Mix");

7

Docket No. 62 (threatening defense counsel, "I strongly suggest you use some common sense and show a little respect"); Docket No. 71 (Plaintiff's "Omnibus Motion Video Request and Motion for Relief," construed by Court as a motion for sanctions, *see* Docket No. 80, which is frivolous as discussed further in Point III below).

Plaintiff's continuation of this behavior demonstrates the ineffectiveness of any lesser sanction. Indeed, even before the prior case was dismissed, Plaintiff was admonished by Judge Wolford as follows, to no avail:

> In connection with Plaintiff's motion for a restraining order—and indeed, in connection with other motions and filings he has made on the public docket—Plaintiff engages in unnecessary name-calling and *ad hominem* attacks. For example, in his motion for a restraining order, Plaintiff refers to defense counsel as a "lunatic," a "madwoman," a "sick person," a "lost soul," and a "psychopath." (Dkt. 214 at 4; Dkt. 218 at 2; Dkt. 212 at 4). Plaintiff has also made duplicative and frivolous filings. Plaintiff has made several motions for summary judgment and filings purporting to be motions for summary judgment, several of which are not properly filed (*see, e.g.*, Dkt. 98; Dkt. 118; Dkt. 153; Dkt. 218), and he has filed several motions for sanctions throughout the history of this case (*see, e.g.,* Dkt. 177 (addressing Plaintiff's motions for sanctions)). Further, following the Magistrate Judge's June 21, 2021 decision granting in part and denying in part Defendant's motion to dismiss, and directing Plaintiff to provide discovery responses by July 19, 2021 (Dkt. 203), Plaintiff filed several "responses" to the decision, which do not raise any substantive issues with regard to that decision, but rather purport to be "formal complaints" against the Magistrate Judge for allegedly violating this Court's orders regarding the disposition of dispositive motions. (Dkt. 204; *see also* Dkt. 205; Dkt. 206; Dkt. 212).
>
> Turning first to Plaintiff's *ad hominem* attacks on defense counsel, such conduct will not be tolerated by any individual appearing before the Court. While the Court is cognizant that Plaintiff wants and is entitled to represent himself zealously, he is also subject to the rules of decorum of this Court. *See Robinson v. Macy's Retail Holding, Inc.*, No. 14 Civ. 4937 (CM), 2015 WL 10793114, at *1 (S.D.N.Y. Aug. 19, 2015) ("Pro se litigants are no less bound by the Federal Rules of Civil Procedure and this court's Local Rules than are represented litigants."). Plaintiff is hereby advised that any further filings that attack defense counsel personally will be stricken from the docket pursuant to Rule 11(b)(1) of the Federal Rules of Civil Procedure. Plaintiff is certainly entitled to challenge the legal and factual positions taken by Defendant, but he may not engage in the type of inflammatory name-calling of defense counsel that has littered his filings.

That such admonishment had no impact on Plaintiff's inappropriate behavior towards defense counsel, which has only transferred over and continued in this case, demonstrates that dismissal is still the only effective remedy.[1]

    *(3) The duration of the period of noncompliance.*

Plaintiff's noncompliance spans more than seven months. Per text order, Plaintiff was required to turn over video footage to Defendants since November 22, 2022. *See* Docket No. 80. The scheduling order required Plaintiff to provide initial disclosures on or before December 21, 2022. *See* Docket No. 69. And even assuming, *arguendo*, Defendants' Demands, which were mailed on Wednesday, November 23, 2022, did not arrive until Monday, November 28, 2022, Plaintiff's responses were due on or about December 28, 2022, i.e., more than six months ago. *See* Docket No. 81.

    *(4) Whether the non-compliant party had been warned of the consequences of noncompliance.*

Finally, Plaintiff cannot possibly claim ignorance of the fact that dismissal will result from his continued failure to respond. Nearly two months ago, Judge Pedersen expressly warned Plaintiff in bolded text:

> **[T]he failure to comply with the forgoing will result in sanctions, which could include dismissal of this action, and directing Plaintiff to pay defense counsel's reasonable attorney's fees and costs associated with any subsequent motions made by Defendants pursuant to Rules 16, 37 and/or 41. The Court further warns Plaintiff that any failure to abide by this Court's order or the Federal Rules in the future could result in any other sanction provided under the Federal Rules**.

Docket No. 92 p. 19 (bold in original).

---

[1]     Defendants respectfully submit that this Court's prior order serves as a basis by which to strike from the docket Plaintiff's improper filings listed above.

Not to mention, Plaintiff has already been sanctioned with dismissal of his prior action. In an attempt to confer via their February 24, 2023 letter, Defendants explained their intent to seek sanctions, including dismissal. Plaintiff has been warned on multiple occasions—including as this Court noted more than a year ago, "on two separate occasions, and in bolded text"—that his failure to comply with discovery orders will result in dismissal of his case. McKay Decl., Exh C at p. 14. Since then, the Second Circuit has likewise spelled out for Plaintiff that he cannot ignore discovery demands, even if he disagrees with them.

For all these reasons, dismissal and sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure is warranted.

**II.    The factors under Rule 41(b) weigh in favor of dismissal and sanctions.**

Although Rule 37 warrants dismissal on its own as discussed in Point I above, dismissal is also appropriate under Rule 41(b). The five factors, which overlap the analysis under Rule 37, are analyzed in turn below.

*(1) The duration of the plaintiff's failure to comply with the court order.*

As analyzed in Point I(1) above, Plaintiff's noncompliance spans more than seven months. Combined with Plaintiff's history of noncompliance, this factor favors dismissal.

*(2) Whether plaintiff was on notice that failure to comply would result in dismissal.*

As analyzed in Point I(4) above, Plaintiff was undeniably on notice that his failures to comply with Judge Pedersen's orders would result in dismissal.

*(3) Whether the defendants are likely to be prejudiced by further delay in the proceedings.*

The prejudice factor weighs at least somewhat in favor of dismissal. Because of Plaintiff's delays and decision to wait to file suit until the three-year statute of limitations was mere days from expiring, this case involves an incident that occurred more than six years ago.

Plaintiff's stonewalling has brought discovery to a stand-still. To date, Defendants have not received *any* disclosures from Plaintiff. Plaintiff's *pro se* status makes it even more difficult to access materials from him, or to ensure that they are not destroyed or otherwise compromised. Plaintiff's refusal to sign the HIPAA authorization forms is particularly problematic. Medical and mental health records must be requested and obtained from third parties. Those requests can take many months to fulfill, and the records must then be reviewed before Plaintiff and other witnesses may be deposed. As this Court has recognized, "the passage of time will affect witness memories, and further delay would only exacerbate those issues." McKay Decl., Exh C at p. 17-18, citing *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996).

(4) *A balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard.*

In balancing its interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard, this Court found in the prior action that, "[d]espite multiple opportunities to be heard, Plaintiff has continually flouted court orders and efforts to move the case towards a resolution, and has instead engaged in serial motion-filing, including by making duplicative and frivolous filings," including "several motions for summary judgment . . . , many of which were not properly filed, and . . . several motions for sanctions." McKay Decl., Exh C at p. 18-19. As analyzed in Point I(2) above, Plaintiff is still employing those wasteful practices in this case. Since commencement of this lawsuit, Plaintiff has continued "serial motion-filing," including his latest motion for sanctions, which is discussed in further detail in Point III below. Accordingly, this factor weighs in favor of dismissal.

*(5) Whether the judge has adequately considered a sanction less drastic than dismissal.*

Finally, there is overlap between this factor and the efficacy of lesser sanctions, which clearly favors dismissal as analyzed in Point I(2) above. Not only did the Court consider a sanction less drastic than dismissal, it issued one. Yet, Plaintiff's willful disobedience continues.

For all these reasons, dismissal and sanctions is warranted under Federal Rule of Civil Procedure 41(b).

### III.     Defendants are entitled to attorney's fees under Rules 16(f)(2) and 37(b)(2)(C).

If Defendants' motion is granted, Plaintiff must be made to pay their reasonable expenses, including attorney's fees. Under the Federal Rules, this Court "*must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust" (italics added). Here, Plaintiff's continued disobedience is not "substantially justified." Nor would an award of expenses against Plaintiff—an experienced litigator, *see* Docket No. 91, and high school graduate, who has completed "some college," previously ran his own company importing wholesale merchandise, and worked in construction for over twenty years, *see* Docket No. 89-1, Exh 5 at T11/6-13 & T13/3-5; *id.*, Exh 6 at T227/5 to 229/7—be unjust under the circumstances.

Furthermore, defense counsel's rate of $300 per hour is reasonable given her twelve years' experience practicing law, including eight years' defending against lawsuits such as this one in federal court. *See Dist. Council No. 9, Int'l Union of Allied Painters & Allied Trades, AFL-CIO v. Impact Storefront Designs*, 2023 WL 3818408, at *3 (S.D.N.Y. June 5, 2023) (finding associate attorney's rate of $300 per hour was reasonable); *Equal Emp. Opportunity Comm'n v. Green Lantern Inn, Inc.*, 2022 WL 1467820, at *6–8 (W.D.N.Y. May 10, 2022)

(reducing $400 hourly rate to $300 for attorney experienced in Title VII cases); *McPhaul v. Insight Mgmt. Partners*, 2022 WL 542534, at *3 (W.D.N.Y. Feb. 23, 2022) (finding rate of $300 per hour for attorney with five years' experience and over a hundred plaintiffs reasonable for the Western District of New York); *Johnson v. New Bern Transp. Corp.*, 2020 WL 6736861, at *5 (W.D.N.Y. Nov. 17, 2020) (same). Accordingly, because defense counsel spent 6.5 hours working on this motion, Plaintiff should be made to pay $1,950.00 in attorney's fees. *See* McKay Decl., Exh A.

## CONCLUSION

For the reasons set forth above, this lawsuit should be dismissed and attorney's fees assessed against Plaintiff for the cost of making this motion.

Dated: July 11, 2023

                                                LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants Downes and Pestillo*

 s/ Heather L. McKay
HEATHER L. MCKAY
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone:(585) 546-7430
Heather.mckay@ag.ny.gov

13

## CERTIFICATE OF SERVICE

I certify that on July 11, 2023, I electronically filed the foregoing Memorandum of Law on behalf of defendants with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1. n/a

And, I hereby certify that I have mailed, by the United States Postal Service, a copy of the document to the following non-CM/ECF participant(s):

1. Jeffrey Houghtaling
   284 Valley Road
   Rochester, NY 14618

> LETITIA JAMES
> Attorney General of the State of New York
> *Attorney for Defendants Downes and Pestillo*
>
> s/Heather L. McKay
> HEATHER L. MCKAY
> Assistant Attorney General of Counsel
> NYS Office of the Attorney General
> 144 Exchange Boulevard, Suite 200
> Rochester, New York 14614
> Telephone:(585) 546-7430
> Heather.mckay@ag.ny.gov